Erika A. Heath – State Bar No. 304683
**FRANCIS MAILMAN SOUMILAS, PC**
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (628) 246-1352
eheath@consumerlawfirm.com

Joseph L. Gentilcore, Esq.*
**FRANCIS MAILMAN SOUMILAS, PC**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
jgentilcore@consumerlawfirm.com
*Application for admission
pro hac vice forthcoming*

*Attorney for Plaintiff Carmela Sanchez*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARMELA SANCHEZ** <br><br> Plaintiff, <br><br> v. <br><br> **TRANS UNION, LLC** <br> and <br> **SELECT PORTFOLIO SERVICING, INC.** <br><br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT; AND CONSUMER CREDIT REPORTING AGENCIES ACT** <br><br> **DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1.  This is an action for damages brought by an individual consumer, Carmela Sanchez, against Trans Union, LLC, and Select Portfolio Servicing, Inc., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et*

1
COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE
CONSUMER CREDIT REPORTING AGENCIES ACT - DEMAND FOR JURY TRIAL

*seq., as amended;* and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Carmela Sanchez is an adult individual residing in Vallecito, CA.

5. Defendant, Trans Union, LLC ("Trans Union"), is a credit reporting business which regularly conducts business in the Eastern District of California, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Select Portfolio Servicing, Inc., ("SPS") is a business entity that regularly conducts business in the Eastern District of California, and which has a principal place of business located at 3217 S. Decker Lake Dr., Salt Lake City, UT, 84119. The principal purpose of SPS is the collection of debts already in default using the mails and telephone, and SPS regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

8. The inaccurate information includes, but is not limited to, a collection account with SPS.

9. At all pertinent times hereto, SPS was hired to collect a debt originally owed to First Horizon Bank (the "debt").

10. As a result of bankruptcy proceedings in May of 2013, the then current owner of the debt released its security interest in Plaintiff's property, and the debt was fully extinguished and discharged under those proceedings.

11. Following the release of the security, extinguishment of the debt, and discharge, Plaintiff no longer owed the debt.

12. In or around December 2020, First Horizon Bank conveyed or sold the debt to SPS.

13. At the time that First Horizon Bank conveyed or sold the debt to SPS, SPS knew or should have known that Plaintiff did not owe the debt, and had no obligation on the debt.

14. In or around December 1, 2020, SPS began making attempts to collect the debt from Plaintiff.

15.

16. SPS also began reporting inaccurate information regarding the debt to Trans Union.

17. The inaccurate information consists of the SPS account related to the previously extinguished debt.

18. SPS was reporting the debt as being charged-off in 2020 on Plaintiff's Trans Union report, even though the underlying debt became delinquent more than seven (7) years prior to the reporting, and was not in fact a recent charged-off in 2020.

19. Further, SPS was reporting a balance on the account of $56,000 through at least 2021, when in fact, there was no balance.

20. The inaccurate information reported on Plaintiff's Trans Union credit report by SPS negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

21. Trans Union and SPS have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff has disputed the inaccurate information with Trans Union to its representatives by following Trans Union's established procedures for disputing consumer credit information.

23. Plaintiff has disputed the inaccurate information with Trans Union from February 2021 through the present.

24. Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least February 2021 through the present.

25. Despite Plaintiff's efforts, Trans Union has never: (1) reviewed the publicly available court records showing that the debt was discharged in bankruptcy; (2) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (3) contacted any third parties that would have relevant information concerning Plaintiff's disputes; and (4) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information.

26.  Additionally, independent from her disputes to Trans Union, beginning in at least January 2021, Plaintiff has also disputed directly with SPS, in writing, that the account should not have been transferred to SPS for collection, as the mortgage loan had been released and satisfied in full, and therefore the debt no longer existed and should not report on her consumer reports.

27.  In connection with the correspondence sent to SPS notifying Defendant that the mortgage account was not legally permitted to be transferred for service, as it was already released and satisfied, Plaintiff provided evidence, including a copy of the full Reconveyance.

28.  Notwithstanding Plaintiff's disputes, SPS, furnisher of the inaccurate information to Trans Union, has continually failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the subject account as disputed.

29.  Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

30.  As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

31.  Defendants knew or should have known that their actions violated both Federal and State law. Additionally, Defendants could have taken the steps

necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

32. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union)

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto, Trans Union was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

36. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

37. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

38. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and § 1681i.

39. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. SPS)

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto SPS was a "person" as that term defined by 15 U.S.C. § 1681a(b).

42. At all times pertinent hereto SPS was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

43. SPS violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

44. SPS' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result SPS is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT THREE – VIOLATIONS OF THE CCRAA
### (Plaintiff v. Trans Union)

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. At all times pertinent Trans Union was a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

47. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

48. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

49. Pursuant to Cal. Civ. Code § 1785.31, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code § 1785.14(b) and § 1785.16.

50. Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT FOUR – VIOLATIONS OF THE CCRAA
### (Plaintiff v. SPS)

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. At all times pertinent SPS was a "person" who "regularly furnish[es] information" as those terms are defined by Cal. Civ. Code § 1785.25.

53. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

54. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

55. In violation of Cal. Civ. Code § 1785.25(a), SPS furnished information to consumer credit reporting agencies that they knew or should have known to be inaccurate.

56. SPS is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information Cal. Civ. Code § 1785.25(a).

57. SPS' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, SPS is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

58. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Injunctive relief;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

                                    Respectfully Submitted,

                            BY:   */s/ Erika Heath*
                                        Erika A. Heath, Esq.
DATE: December 9, 2021          *Attorney for Plaintiff*